IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 20 2015

Abel Acosta, Clerk

ADRIAN THADDEUS WILSON     §

V.     §

THE STATE OF TEXAS     §

§

§

APPEAL IN CAUSE NO.
0884780 D
FROM THE 371st DISTRICT
COURT OF TARRANT COUNTY

64738-02

This document contains some pages that are of poor quality at the time of imaging.

## OBJECTION AND REQUESTING ORDER TO COMPEL

APPELLANT, ADRIAN THADDEUS WILSON, PRO SE, WAS CONVICTED OF AGGRAVATED ROBBERY. WILSON V. STATE. 151 S.W.3d 694, 696 (TEX. APP. – FORT WORTH 2004, PET. REF'd). ON FEBRUARY 22, 2011, APPELLANT FILED A POSTCONVICTION MOTION FOR DNA TESTING. SEE TEX. CODE CRIM. PROC. ANN. art. 64.01 (a-1) (WEST SUPP. 2014). ON FEBRUARY 27, 2013, THE TRIAL COURT DENIED APPELLANT'S MOTION "BECAUSE NO BIO-LOGICAL EVIDENCE EXISTS TO BE TESTED".

APPELLANT, ADRIAN THADDEUS WILSON, PRO SE, IS A PRO-SE LITIGATER AND ALSO CONTESTED THAT IF THE .38 CALIBER WEAPON WAS NOT IN THE EVIDENCE BOX – THE WEAPON THAT WAS PARADED AROUND THE COURTROOM AT TRIAL COURT, THAT SOMEONE IS IN CONTEMPT OF COURT TAMPERING WITH EVIDENCE! SOMEONE HAS COMMITTED THIS CRIME TRYING TO SABOTAGE THE APPELLANT'S CHANCES OF PROVING HIS INNOCENCE. VIOLATING THE APPELLANT'S (ADRIAN THADDEUS WILSON'S) CONSTITUTIONAL RIGHTS OF DUE PROCESS.

THE .38 CALIBER WEAPON WAS FOUND AT THE SCENE OF THE CRIME (THE ONLY SOLID EVIDENCE FOUND). TWO DIFFERENT SETS OF FINGER PRINTS WERE FOUND ON THE WEAPON, NEITHER BELONGING TO THE APPELLANT. NO FINGER PRINT LINKING APPELLANT TO ANY CRIME WAS FOUND IN THE CAR OR ON THE WEAPON. ALL OTHER EVI-DENCE WAS BROUGHT TO SCENE OF THE CRIME BY: SHANITRA THOMPSON. IDENTITY IS THE ISSUE HEREIN AND APPELLANT SHOULD NOT HAVE BEEN APPREHENDED AT ALL, IF A PROPER INVESTIGATION WOULD HAVE TAKEN PLACE THE TRUE CULPRIT WOULD HAVE BEEN FOUND AND ARRESTTED.

1

Mrs. Lisa A. Callaghan and Ms. Shannon Estrada (Attorney's representing the State in the trial court), contends that Shanitra Thompson only gave Police Officer Middleton, Appellant's wallet because she was concerned about the Appellant, Adrian Thaddeus Wilson, but never once mentioning, that one of the men who jumped out of the vehicle that lead Fort Worth Police Officers on high speed chase, was her younger brother Danrick Thompson. Identity is the crisis here and the fingerprints that were found on the .38 caliber weapon and inside the vehicle will prove the Appellant, Adrian Thaddeus Wilson, is truly a innocent man. Proving Appellant's claim of actual innocence is very real and sincere.

Appellant, Adrian Thaddeus Wilson's, objection of the second court of appeals ruling that the appeal be dismissed for want of jurisdiction or any other reason be reversed and Appellant be granted a retrial.

## Order To Compel

Appellant, Adrian Thaddeus Wilson. Pro-se, requested copies of the Clements Unit mailroom log of dates on in-coming and out-going legal mail for the months of: April, 2015, and February thru March - February, 2013 - to March, 2014, to prove he wasn't given a chase to timely file due to the lack of being notified of the Honorable Justice's ruling on February 27, 2013. And also for not recieving any indication from the Second Court of Appeals at all for the month of April, 2015., notifing, Appellant, of anything.

Appellant, Adrian Thaddeus Wilson. Pro-se, tried to make these request and was denied, without a court order to back up the request. Appellant needs these records to prove his claims of never recieving notice from the 371st Courts ruling or Second Court of Appeals claims of notification on April 13, 2015.

2

## PRAYER

APPELLANT PRAYS THIS HONORABLE COURT UPHOLDS HIS APPLICATION OF ACTUAL INNOCENCE AND HIS CONSTITUTIONAL RIGHT OF DUE PROCESS. IF SOMEONE HAS REMOVED THE WEAPON WITHOUT GIVING THE APPELLANT A CHANCE TO OBJECT OR EVEN BEING NOTIFIED... BE HELD AS A CRIME OF CONTEMPT OF COURT TAMPERING WITH EVIDENCE. AND APPELLANT, ADRIAN THADDEUS WILSON, PRO-SE, A RETRIAL, DUE TO HIS CONTINUAL, ALMOST UNREPAIRABLE VIOLATIONS TO HIS CONSTITUTIONAL RIGHTS.

## CERTIFICATION

I DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MOTION OF, OBJECTION AND REQUESTING ORDER TO COMPEL, IS PLACED WITH-IN THIS PACKAGE ALSO. THIS DAY AUGUST 10, 2015.

RESPECTFULLY SUBMITTED

/s/ Adrian Thaddeus Wilson

Adrian Thaddeus Wilson
Clements Unit
9601 Spur 591
Amarillo, Texas. 79107

3

# EXHIBIT-A

A REQUEST SENT IN BY APPELLANT TO PROVE THE UNIT MAILROOM WILL NOT PROVIDE THE INFORMATION OF SPECIFIC DATES APPELLANT NEEDS TO SHOW THE COURT OF APPEALS HE NEVER RECIEVED - RULINGS MADE BY 371st COURT JUDGE NOR ANY NOTIFICATION FROM SECOND COURT OF APPEALS, FORT WORTH TEXAS.

**SUBJECT:** *State briefly the problem on which you desire assistance.*

I need a list showing what exact days I Received legal mail from the Second Court of Appeals, from Fort Worth Texas.

I Received some legal mail stating that I allegedly was sent some specific detailed mail from the Second Court of Appeals, and I never Responded?!!

I need to get the dates from: March & April of 2015, showing what days incoming legal mail was sent to me. (I need this original copy back please) Also, from Feb. of 2013 thru March 2014.

Thank you

Name: Adrian Wilson                    No: 1207116          Unit: BC

Living Quarters: HS-D-216          Work Assignment: Ad-seg

**DISPOSITION:** (Inmate will not write in this space)

As a courtesy, we provide dates of legal mail received or sent out only in the current months (July, Aug.) Requests only can be made by the Attorney General or Office of the General Counsel.

☆I-60 (Rev. 11-90)

TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# INMATE REQUEST TO OFFICIAL

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ❑ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ❑ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ❑ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ❑ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ❑ *Visiting List (Asst. Director of classification, Administration Building)*

6. ❑ *Parole requirements and related information (Unit Parole Counselor)*

7. ❑ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ❑ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TO: Clements Unit Mail Room _____ DATE: 8-6-15

(Name and title of official)

ADDRESS: BC

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

| ADRIAN THADDEUS WILSON | § | APPEAL IN CAUSE No. |
| | § | 0884780D |
| V. | § | |
| | § | FROM THE 371st DISTRICT |
| THE STATE OF TEXAS | § | COURT OF TARRANT COUNTY |

## OBJECTION AND REQUESTING ORDER TO COMPEL

APPELLANT, ADRIAN THADDEUS WILSON, PRO SE, WAS CONVICTED OF AGGRAVATED ROBBERY. WILSON V. STATE. 151 S.W.3d 694,696 (TEX. APP. - FORT WORTH 2004, PET. REF'd). ON FEBRUARY 22, 2011, APPELLANT FILED A POSTCONVICTION MOTION FOR DNA TESTING. SEE TEX. CODE CRIM. PROC. ANN. art. 64.01 (a-i) (WEST SUPP. 2014). ON FEBRUARY 27, 2013, THE TRIAL COURT DENIED APPELLANT'S MOTION "BECAUSE NO BIO-LOGICAL EVIDENCE EXISTS TO BE TESTED".

APPELLANT, ADRIAN THADDEUS WILSON, PRO SE, IS A PRO SE LITIGATER AND ALSO CONTESTED THAT IF THE .38 CALIBER WEAPON WAS NOT IN THE EVIDENCE BOX - THE WEAPON THAT WAS PARADED AROUND THE COURTROOM AT TRIAL COURT, THAT SOMEONE IS IN CONTEMPT OF COURT TAMPERING WITH EVIDENCE! SOMEONE HAS COMMITTED THIS CRIME TRYING TO SABOTAGE THE APPELLANT'S CHANCES OF PROVING HIS INNOCENCE. VIOLATING THE APPELLANT'S (ADRIAN THADDEUS WILSON'S) CONSTITUTIONAL RIGHTS OF DUE PROCESS.

THE .38 CALIBER WEAPON WAS FOUND AT THE SCENE OF THE CRIME ( THE ONLY SOLID EVIDENCE FOUND). TWO DIFFERENT SETS OF FINGER PRINTS WERE FOUND ON THE WEAPON, NEITHER BELONGING TO THE APPELLANT. NO FINGER PRINT LINKING APPELLANT TO ANY CRIME WAS FOUND IN THE CAR OR ON THE WEAPON. ALL OTHER EVIDENCE WAS BROUGHT TO SCENE OF THE CRIME BY: SHANITRA THOMPSON. IDENTITY IS THE ISSUE HEREIN AND APPELLANT SHOULD NOT HAVE BEEN APPREHENDED AT ALL, IF A PROPER INVESTIGATION WOULD HAVE TAKEN PLACE THE TRUE CULPRIT WOULD HAVE BEEN FOUND AND ARRESTED.

1

Mrs. Lisa A. Callaghan and Ms. Shannon Estrada (Attorney's representing the state in the trial court), contends that Shanira Thompson only gave Police Officer Middleton, Appellant's wallet because she was concerned about the Appellant, Adrian Thaddeus Wilson, but never once mentioning, that one of the men who jumped out of the vehicle that lead Fort Worth Police Officers on high speed chase, was her younger brother Danrick Thompson. Identity is the crisis here and the fingerprints that were found on the .38 caliber weapon and inside the vehicle will prove the Appellant, Adrian Thaddeus Wilson, is truly a innocent man. Proving Appellant's claim of actual innocence is very real and sincere.

Appellant, Adrian Thaddeus Wilson's, objection of the second court of appeals ruling that the appeal be dismissed for want of jurisdiction or any other reason be reversed and Appellant be granted a retrial.

## ORDER TO COMPEL

Appellant, Adrian Thaddeus Wilson, Pro-se, requested copies of the Clements Unit mailroom log of dates on in-coming and out-going legal mail for the months of: April 2015, and February thru March — February, 2013 - to March 2014, to prove he wasn't given a chase to timely file due to the lack of being notified of the honorable justice's ruling on February 27, 2013. And also for not recieving any indication from the second court of appeals at all for the month of April 2015, notifing, Appellant, of anything.

Appellant, Adrian Thaddeus Wilson, Pro se, tried to make these request and was denied, without a court order to back up the request. Appellant needs these records to prove his claims of never recieving notice from the 371st courts ruling or second court of appeals claims of notification on April 13, 2015.

2

## PRAYER

APPELLANT PRAYS THIS HONORABLE COURT UPHOLDS HIS APPLICATION OF ACTUAL INNOCENCE AND HIS CONSTITUTIONAL RIGHT OF DUE PROCESS. IF SOMEONE HAS REMOVED THE WEAPON WITHOUT GIVING THE APPELLANT A CHANCE TO OBJECT OR EVEN BEING NOTIFIED... BE HELD AS A CRIME OF CONTEMPT OF COURT TAMPERING WITH EVIDENCE. AND APPELLANT, ADRIAN THADDEUS WILSON, PRO SE, A RETRIAL, DUE TO HIS CONTINUAL, ALMOST UNREPAIRABLE VIOLATIONS TO HIS CONSTITUTIONAL RIGHTS.

## CERTIFICATION

I DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS MOTION OF, OBJECTION AND REQUESTING ORDER TO COMPEL, IS PLACED WITHIN THIS PACKAGE ALSO. THIS DAY AUGUST 10, 2015

RESPECTFULLY SUBMITTED

/s/ Adrian Thaddeus Wilson

Adrian Thaddeus Wilson
Clements Unit
9601 Spur 591
Amarillo, Texas. 79107

3